IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN,                :
                                :
         Plaintiff              :
                                :
    v.                          :   CIVIL NO. 3:CV-16-33
                                :
MUNICIPAL OFFICIALS,            :   (Judge Conaboy)
                                :
         Defendants             :

**MEMORANDUM**
**Background**

This pro se civil rights action was initiated by Julio Christian, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). The required filing fee has not been paid and Plaintiff has not submitted an in forma pauperis application.

Named as Defendants in the Complaint are "Municipal Officials." Doc. 1, p. 1. There are no Defendants identified by name and Plaintiff vaguely indicates only that he wishes to proceed against City of Philadelphia officials. The Complaint generally asserts only that multiple unidentified individuals acting under color of state law have engaged in a conspiracy for the purpose of subjecting him to racially based retaliation and discrimination. He appears to be asserting claims based upon

1

conduct associated with his arrest and subsequent state criminal conviction in Philadelphia County, Pennsylvania.[1]

There are no specific dates, actions, or events described or referenced in the Complaint. Rather, Christian simply sets forth a series of wholly conclusory, vague, and repetitive allegations indicating that his constitutional rights were violated by unidentified officials as part of some undisclosed racial discriminatory scheme. Plaintiff seeks some type of unspecified injunctive relief.

### Discussion

28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding <u>in forma pauperis</u> is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As noted above, Plaintiff has an extensive history of filing frivolous lawsuits in this district. For instance, while incarcerated, Christian previously initiated the following civil

---

[1] On August 27, 1987, Christian entered a guilty plea to multiple drug charges in the Philadelphia County, Pennsylvania Court of Common Pleas. See <u>Christian v. Commonwealth</u>, Civil No. 2:07-cv-3715 (E.D. Pa. March 28, 2008).

actions which were dismissed as frivolous by this Court: Christian v. Muncipial Officers, et al., Civil No. 3:15-22342 (Jan. 8, 2016)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i); Christian v. State Officers, et al., No. 3:15-1829 (Nov. 30, 2015) (dismissal on grounds that § 1983 complaint is frivolous); Christian v. Pennsylvania Board of Probation and Parole, Civil No. 3:13-2432 (January 19, 2014)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(I). Other actions filed in this district by Christian have been withdrawn; dismissed for failure to pay the required filing fee or submit an in forma pauperis application; or transferred to another district court.

    The unconstitutional conduct alleged in Christian's latest action does not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed on December 31, 2015. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this action primarily centers on alleged events which transpired prior to the Plaintiff's incarceration.

Plaintiff has had at least three prior actions dismissed as frivolous. Second, there is no indication that Christian is alleging that he was subjected to any constitutional violation during the course of his ongoing Pennsylvania state incarceration, as such, he was not placed at risk of serious physical injury when this action was filed. Based upon those considerations, this action will be dismissed under § 1915(g).

It is also noted that no Defendant is specifically identified in the Complaint except a passing reference that they are officials of the City of Philadelphia and there is no factual support for any discernible claim against any Defendant. Moreover, based upon a liberal reading of the Complaint, it appears that Christian's pending allegations are more properly raised in a habeas corpus action pursuant to 28 U.S.C. § 2254 which would be best initiated in the United States District Court for the Eastern District of Pennsylvania.[2] An appropriate Order will enter.

*/s/ Richard P. Conaboy*
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 19, 2016

---

[2] The trial court (Philadelphia County Court of Common Pleas), as well as any records, witnesses and counsel, are located within the Eastern District of Pennsylvania